Judgment reversed, new trial granted, costs to abide the event.

All concur.

## SUPREME COURT.

### ATTORNEY-GENERAL agt. CONTINENTAL LIFE INSURANCE COMPANY.

*Insolvent insurance company — Power of court to make allowance to counsel out of fund in receiver's hands for services rendered in proceedings, which have for their purpose and effect the protection of the general fund, though brought in the name of an individual and for his own benefit.*

Where an attorney was employed by an individual to bring a suit or conduct proceedings against an insolvent insurance company, whose assets had been placed in the hands of a receiver, such proceedings having for their purpose and effect the protection of the general fund and assets of the company, and their concentration in such shape and under such control as should be for the benefit of all policyholders and others concerned in the same :

*Held,* that the court has power to order the services paid for out of the funds in the hands of the receiver.

The protection of trusts requires representative proceedings, and *when necessary and proper* should be encouraged, and the court as the administrator of the trust has the power to compensate those who aid it in the discharge of their duty.

*Ulster Special Term, September,* 1881.

APPLICATION by Raphael J. Moses, on report of H. J. Scudder, for an allowance as counsel to be paid by receiver.

*R. J. Moses, Jr.,* in person, for the allowance.

*Wingate & Cullen,* opposed.

WESTBROOK, *J.* — It was my intention to write a full opinion on this motion, giving my reasons for confirming this report, but the demands upon my time are so numerous and pressing that it is impossible. I content myself therefore with this memorandum.

A very learned and able lawyer and upright man, acting as referee, has found, after a full hearing, not only in this matter, but after a long and exhausted inquiry into the affairs of the Continental trust, which peculiarly fitted him to judge of the value and extent of the labors of Mr. Moses, that Mr. Moses "has rendered very valuable services — *services indeed of a most meritorious character*, and occupying very considerable time and involving much labor and investigation upon his part, * * * * and had for their purpose and effect the protection of the general fund and assets of "the Continental Life Insurance Company, and their concentration in such shape and under such control as should be for the benefit of all policyholders and others concerned in the same." There is no question then, either as to the meritorious character of the services, or their value, and the only question is, has the court power to order the services paid? On this point I have no doubt either on authority or principle. Allowances under such circumstances have been frequently made by other judges, as well as by myself, in this state, and that power has also been recognized in other states and in England. The court is the custodian and administrator of the estate. In the discharge of its duties, it needs assistance both to protect the trust and to enlighten its conscience as to its execution. There must therefore always be representative suits and proceedings, which, though in the name of individuals for their own benefit, are really for the benefit of hundreds of others as well. To hold that these persons who sustain all the labor and anxiety of proceedings, which are as much for others' benefit as their own, should in addition bear all the expenses would be unjust and deter proceedings which ought to be taken. Upon the ground: 1st.

That those who receive the benefit of labor ought to pay for it; and, 2d. That the protection of trusts requires representative proceedings, and that, *when necessary and proper*, they should be encouraged and not discouraged; and, 3d. Because the court, as the administrator of the trust, must have the power to compensate those who aid it in the discharge of their duty, the report of the referee is confirmed.