L. W. & P. ARMSTRONG ET AL., Complainants,

*v.*

ISABEL LOPEZ CRUZ ET AL., Defendants.

San Juan, Equity, No. 1092.

Opinion filed June 21, 1923.

*Mr. Jaime Sifra* for complainants.

*Mr. O. B. Frazer* for certain defendants.

*Mr. H. G. Molina* for the receiver.

*Mr. M. Benitez Flores,* in his own proper person.

ODLIN, Judge, delivered the following opinion:

The question now submitted to the undersigned judge is whether M. Benitez Flores, an attorney of this court, is entitled to compensation out of any of the funds in the hands of the receiver for professional services rendered by him as an attorney for certain of the defendants in this proceeding. The matter was referred to Hon. Martin Travieso as special master, and he has filed in the office of the clerk a paper purporting to be a report, but which is actually nothing more than a recommendation based upon his own belief that Mr. M. Benitez Flores should receive an allowance of $2,500.

I have always entertained doubt as to a United States district judge having any power to allow compensation for counsel employed by the defendants in an equity proceeding, except in cases involving public service corporations, such as railroad companies, street railway companies, steamship companies, and other similar enterprises. Therefore, it was suggested by me to Mr. M. Benitez Flores that he submit to me such authorities as he might find and which he believed justified the allowance which he seeks. In accordance with the suggestion made to him by me, he has submitted a memorandum of authorities which I have examined with care.

The first case he cites is that of Equitable Trust Co. v. Western P. R. Co. reported in 236 Fed. at page 814. On examining this case, I find that it involved the question of the allowance of compensation to attorneys for bondholders, and the court decided that, even though these bondholders refused to participate in a plan of reorganization of a bankrupt railroad company, these attorneys having performed services in a suit which was brought to foreclose a railroad mortgage, and after it was sought to allow compensation out of the entire fund, applicable to the payment of such funds, the district judge did have discretion to allow such compensation, and after the same was made the same ought not to be disturbed. It is therefore seen that this case just cited differs in two very material respects from the case now before this court. In the first place, the defendant in the original suit was a public service corporation, which is not the fact with regard to the defendants in the present litigation. The second difference is that in the case just cited from 236 Fed. the attorneys who were allowed compensation had performed services for creditors of the defendants and not for any of the defendants themselves.

The second case cited by Mr. M. Benitez Flores is that of Rosoff v. Gilbert Transp. Co. reported in 221 Fed. 972, which is a case involving a contract in which a corporation agreed to indemnify and hold harmless a surety company against any expenses or counsel fees which might be incurred by reason of the said surety company entering into the said contract with the corporation, and it was held that the said surety company was entitled to an allowance for expenses which had been incurred, including certain attorney's fees, but with the ap-

proval of the court; and it further appeared that these services were rendered in aid of the receivers of the corporation to enforce the liability of certain stockholders. It will therefore be seen that this case from 221 Fed. is very different from the present application submitted by Mr. M. Benitez Flores. In the first place, the defendant in the case of 221 Fed. was a public service corporation, and in the second place the counsel employed by the surety company had rendered legal services in aiding the receivers of the corporation and of course these receivers, being officers of the court, were entitled to compensation and it would naturally follow that lawyers who aided these receivers should receive compensation. There is no claim in the present case that Mr. M. Benitez Flores has rendered any services in aid of the receiver, whose name is Mr. Albert E. Lee. The attorney of the latter is Mr. H. G. Molina.

The third case cited by Mr. M. Benitez Flores in support of his application is that of Atty. Gen. v. Continental L. Ins. Co. 62 How. Pr. 130. This case I have not been able to examine, but it is a decision of one of the supreme courts in the state of New York and would not necessarily be binding upon a Federal court. Furthermore, the title of the case itself indicates that the suit was brought against a life insurance company, and there are elaborate statutes of the state of New York, not available at this time, which perhaps allow compensation under certain conditions, which allowance might not be made by a Federal court.

The next authority submitted to this court by Mr. M. Benitez Flores consists in the language found at page 1778, vol. 2, of the 2d edition of Smith on Receivers, which edition

has been prepared by Mr. H. G. Tardy, a prominent California lawyer who for many years acted as associate editor of the American State Reports. Mr. Tardy lays down the rule as follows: "Where . . . a receivership was injurious to the interests of defendant and finally determined to have been improvidently created, plaintiff's attorney was held not to be entitled to compensation out of the defendant's assets. Allowance may also be made for any special services of the attorney of plaintiff or the attorney of any other party rendered during the receivership, and inuring to the general benefit." Mr. Tardy then cites the cases above noted by myself from 221 Fed. from 62 How. Pr. and from 236 Fed. No proof has been submitted to me that the services rendered by Mr. M. Benitez Flores, who was employed by the defendants, had inured to the general benefit. In the absence of such showing, it seems to me that there is nothing in the law as laid down by Mr. Tardy which would justify me in granting the application in the form in which it has been presented to me.

The closing citation submitted to me by Mr. M. Benitez Flores is the case of Welch & Co. v. Central San Cristobal, (being Equity Case No. 940 of this court) reported in 6 Porto Rico Fed. Rep. pp. 310, 463, 559 and 564. This was a long and complicated equity case pending in this court from about 1913 to about 1916. It seems that an attorney by the name of Neagle represented the defendant in that case, which was a sugar central, and received payment out of the general fund in the hands of the receiver. I have examined the papers in this case and I find that Mr. Neagle filed his petition on November 26, 1915, asking for an allowance of $2,500. At that time a gentleman by the name of Dabney was acting as standing master

148

in chancery of this court, and he filed a report in the office of the clerk on December 9, 1915, allowing Mr. Neagle the sum of $1,000. Mr. Dabney, in one paragraph of this report, recites his view of the law as being that a court of equity in any case in which a receiver is appointed is vested with power to allow fees to counsel for any of the parties according to the court's discretion. With this proposition of law I am unable to agree. I have never found any reported decision of any Federal court in which counsel for the unsuccessful defendants in receivership cases, not involving public service corporations, were ever allowed compensation out of the funds in the hands of the receiver. Also, as shown by what I have already set forth in this opinion, Mr. M. Benitez Flores has failed to cite me to any reported case of a Federal court which establishes a rule such as was adopted by Special Master Dabney in his report just referred to. It is true in the Welch Case that no one filed any exceptions to the report of Standing Master Dabney, and that the receiver in that case evidently deemed that the failure to file exceptions made that report binding upon him, because on January 12, 1916, he paid Mr. Neagle the $1,000; and on February 1, 1916, the then judge of this court the Honorable Peter J. Hamilton, signed a brief order simply confirming the report of the receiver. It is impossible for me to regard the action taken in the Welch Case as binding upon me. If it were, a careless special master might recommend the payment of $100,000 to some attorney representing certain defendants; counsel for the other parties in the case might be so careless as to file no exceptions to this report; and therefore it would logically follow that the judge of this court would be obliged to pay the sum of $100,000 to the attorney, no matter

what he might think touching the justice or injustice of the claim. I am unable to accede to this view.

In this connection I am obliged to take judicial notice of the fact that Mr. O. B. Frazer has done an immense amount of work in this complicated litigation on behalf of certain of the defendants. Mr. Frazer has not asked this court to allow him $1 out of the funds in the hands of the receiver. I therefore conclude that Mr. Frazer expects to receive his compensation out of the funds which may hereafter be set apart for the defendants, after the mortgagees, and the unsecured creditors, and the court expenses, are all satisfied, if the sales of the properties shall bring an amount available for all those purposes.

Therefore, in conclusion, it seems to me that the only order which I can properly make in this matter is to deny the application of Mr. M. Benitez Flores, reserving the right to him to file a lien for such sum as may hereafter be found to be justly due him against any portion of the proceeds of the sales of the properties involved in this litigation, which may hereafter be found and declared to be payable to the defendants.

To this order Mr. M. Benitez Flores excepts.

Done and ordered in open court at San Juan, Porto Rico, this 21st day of June, 1923.